IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, II #A0185087, | ) ) ) | NO. 1:13-cv-00010 SOM/RLP |
| Plaintiff, | ) ) | DISMISSAL ORDER |
| vs. | ) ) | |
| THE BOBBY ROSS GROUP, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT AND ACTION

Before the court is *pro se* plaintiff Francis Grandinetti's prisoner civil rights action. Grandinetti is a Hawaii inmate confined at the Saguaro Correctional Center ("SCC"), in Eloy, Arizona. Grandinetti appears to be attempting to circumvent the bar 28 U.S.C. § 1915(g) imposes on his filings by labeling this action as "No. 1:96-cv-031." In the case bearing that number, he challenged his 1995 transfer from Hawaii to various out-of-state prisons operated by the Bobby Ross Group. See *Grandinetti v. Iranon*, 1:96-cv-00031 ACK. That action was transferred to the Eastern District of Texas on February 5, 1996, and has been closed for many years. Grandinetti now asserts claims never raised in that action. This court has therefore opened a new action. Grandinetti has not submitted an *in forma pauperis* application or paid the $350 statutory filing fee for commencing this action.

//

//

### I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

At least three of Grandinetti's prior lawsuits qualify as "strikes" under § 1915(g):

> (1)  *Grandinetti v. U.S. Marshals Serv.*, 1:00-cv-
> 00489 SOM-KSC (D. Haw., § 1983 case dismissed
> for failure to state a claim, Aug. 1, 2001);

2

(2) *Grandinetti v. Bobby Ross Group Inc., et al.*, 1:96-cv-00117 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Mar. 5, 1999); and

(3) *Grandinetti v. Iranon, et al.*, 1:96-cv-00101 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Jan. 26, 1998).[1]

*See* PACER Case Locator, http://pacer.psc.uscourts.gov.

Grandinetti may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II.  **Imminent Danger**

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the

---

[1] The court has notified Grandinetti of his strikes numerous times. *See e.g.*, *Grandinetti v. Champion Air*, 1:12-cv-00528 SOM; *Grandinetti v. Inverness Med. Co.*, 1:12-cv-00489 HG, *Grandinetti v. U.S. Attorney Gen.*, 1:12-cv-00430 HG. Grandinetti did not appeal the three-strikes determinations in these cases.

prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.  Claims concerning "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

The court has carefully reviewed the Complaint and its exhibits.  Nothing within the Complaint or its exhibits suggests to the court that Grandinetti is in imminent danger of serious physical injury.  Rather, Grandinetti's claims are frivolous and fail to state a claim.  He may not proceed without prepayment of the civil filing fee.

The Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).  He may reassert these claims in a new action by concurrently submitting the entire $350.00 filing fee.  Any pending motions are DISMISSED.  The Clerk shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 15, 2013.



_/s/ Susan Oki Mollway_____
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. The Bobby Ross Group, et al.*, 1:13-cv-00010 SOM/RLP; Dismissal Order;
G:\docs\prose attys\3 Strikes Ords & OSCs\DMP\2013\Grandinetti 13-10 SOM (1995 trsf to
Mainland, friv, 1915(g)).wpd